day was passed, I should deem the execution dead. If these positions be correct, I cannot see how goods purchased by a defendant, after the return day in an execution is passed, can be taken and sold under such process. The only mode, I conceive, of getting at such property is, by procuring a return of the execution and issuing an *alias*. A contrary practice would be mischievous and a fraud upon other creditors.

The opinion of the court, therefore, is, that judgment of nonsuit be entered pursuant to the stipulation in the case.

### De Witt Clinton v. Mackay Croswell.

THIS was an action for publishing a libel.

*Hopkins*, on the common affidavit moved to change the *venue* from the city and county of *New-York*, to the county of *Greene*.

*Riker*, contra, read an affidavit by the plaintiff, stating, that he resides in *New-York*, and that the suit was brought for the publication of a libel, in a newspaper, published in the county of *Greene*, by the defendant, and which he saw exposed to the view of many persons in this city, and that the plaintiff verily believed the defendant was the editor or printer of the said paper. On these facts it was insisted, that the affidavit of the cause of action arising wholly in the county of *Greene*, was not correct, because, wherever the paper circulated a right of action accrued. It was contended to be of more importance to

an individual to protect his character against libels disseminated in the place of his residence, than in a remote part where he might be scarcely known.—— Therefore, in *Pinkney* v. *Collins*, 1 *D. & E.* 571. the court refused to change the *venue* from the place where the libel was circulated, to that where printed.

*Per Curiam.* There is no ground for the application. The defendant can take nothing by his motion, and must pay costs to the plaintiff.

### *Candee* v. *Goodspeed.*

IN error on *certiorari* from a justice's court. The plaintiff was a non-resident, and the suit commenced by warrant.

The defendant, on account of the inevitable absence of a material witness, and after due diligence used to procure him, requested an adjournment for more than three days, offering the same security as is required by the 8th section of the ten pound act. The plaintiff refusing to consent to the delay, the justice, of his own authrity, adjourned over. This was alleged for error.

*Per Curiam.* The seventh section is too positive and peremptory to be got over. The justice had not any power to adjourn beyond the three days.

### *Anonymous.*

IT was ruled, that the causes in which public officers, such as the Attorney-General, district attorney,